R. E. BERRY v. M. M. WAGNER.

EJECTMENT. *Special entry.* An entry as follows, held a special entry: "Abiel C. Parks and Mathias M. Wagner locates and enters four thousand acres of land in said county, beginning on Andrew Taylor's line, northeast corner of a fifty acre entry, No. 641, between James H. Tyff and the Rainbow mountain, then running various courses for complement, by plotting out all former entries of land located and entered." The law prescribed the mode of running out the land, the beginning corner being definitely ascertained, and required older entries to be excluded, and these entries served as guides to identify the direction of the calls of the entry in question. The policy of the law is earnestly in favor of securing the land to the oldest enterer when it can be reasonably ascertained.

FROM JOHNSON.

Appeal in error from the Circuit Court of Johnson county. NEWTON HACKER, J.

J. T. & J. K. SHIELDS and R. R. BUTLER for Berry.

H. H. INGERSOLL for Wagner.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment, raising two questions. It was tried by the court below, without a jury.

The first question to be decided is, as to effect of priority of right, under two grants, each covering the land in dispute.

Plaintiff's title is deduced from a grant by the State, based on an entry, made in entrytaker's office

of Johnson county, No. 1489, dated August 10, 1830, on which a grant issued October 1, 1837.

The defendant's title is a grant to one Moore, founded on an entry, by one Stokes, October 22, 1830, the grant dated May 10, 1834.

Defendant has, therefore, the oldest grant, but the younger entry. The older entry, with younger grant, under our law, prevails, provided the older entry be what is known as a "special entry," sufficiently defining the land entered and intended to be appropriated.

The entry of plaintiff is in the following words: "Abiel C. Parks and Mathias M. Wagner locates and enters four thousand acres of land in said county, beginning on Andrew Taylor's line, northeast corner of a fifty-acre entry, No. 641, between James H. Tyff and the Rainbow mountain, then running various courses for complement, by plotting out all former entries of land located and entered."

Is this a special entry under the rules established by our law? There can be no question but the beginning corner of the entry is definitely fixed, and this call is well located and defined.

The early and well settled policy of our law is to favor the earliest enterer. See 2 Tenn., top p., 220, Coop. Ed., cases cited in syllabus; *Kendrick et al.* v. *Dallum,* Cook's R., 226.

An entry to be special, must be certain to a common intent. *Barnet's Lessee* v. *Russell,* 2 Tenn., 20. In the case of *Barnes* v. *Sellars et al.,* 3 Sneed, 35, citing the above case, the rule is thus given: "The entry should, in some part of it, contain a reference

to some *place*, natural mark, or. thing, from which, either singly or together, the land could be ascertained, with reasonable industry by those acquainted in the neighborhood. The entry must be special to the extent above indicated on its face, and cannot be aided in this respect by parol proof. *Ibid.* In this case the entry was as follows: "N. Sellers enters two hundred acres of land in Warren county, Tennessee, beginning at a beech tree on the county line south of Baine's branch, running east, thence north and west for complement." This was held not a special entry, The defect was the uncertainty as to location of the beech tree, the point where it was not being indicated with sufficient certainty. It is obvious, from the other cases referred to and the rule above stated, that if this beginning corner had been well defined it would have been sufficient. See *Barnet's Lessee* v. *Russell et al.*, 1 Tenn., 21, where it is held that an entry, lacking specialty in other respects, would have been good if a call for a "tree marked with the letters W O," unless it was shown that no such tree could be found or existed at the date and the place designated. The reasons sustaining the rule are such as are found in the facts of *Caldwell* v. *Wilson*, 6 Hum., 498. When the beginning corner is well identified, and the entry is special in this respect, it was the duty of the surveyor, a public officer, to survey the land, either in an oblong or square, so as, however, to avoid interference with older entries, and if he was not prevented by natural obstacles, such as a lake or the like, or such older entries. When these objects

Berry *v.* Wagner.

intervened, then he was to deflect the lines so as to avoid them, and so run the land as to include the amount called for. We therefore hold, the circuit judge ruled correctly that this entry was good. As to the question of statute of limitations, we suppose, on the facts, this can hardly be very earnestly insisted on by the learned counsel.

The occupation of a cabin on the land is shown not to have been with a view of asserting a claim under the Stokes grant.

As to the small wedge of land, half a square rod perhaps, we need but say that the original line was run along a fence, and a corner some few feet from this line marked, it being a convenient tree. Defendant has occupied this small space, but we cannot hold that this would give him the occupancy of the entire amount in controversy between the parties, about one hundred acres. It was not such a possession, open and notorious, under claim of right under his grant, as to give notice of an adverse holding. In fact, it amounted to nothing more than a slight deflection of the line at this point, and could at most only be the establishment of this as a conventional line, or a practical location of the line at this point.

On the whole case, we think his Honor arrived at the correct result, and affirm his judgment.